UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER KOWALSKI,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
CAPITAL ONE, N.A.,
WELLS FARGO BANK, N.A., and
BARCLAYS BANK DELAWARE,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, CHRISTOPHER KOWALSKI, by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.* [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which give rise to this action occurred in Midland, Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Midland, Michigan.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax"), a foreign limited liability company that conducts business in the State of Michigan;

    b. Capital One, N.A. ("Capital One"), a national association that conducts business in the State of Michigan;

    c. Wells Fargo Bank, N.A. ("Wells Fargo"), a national association that conducts business in the State of Michigan; and

    d. Barclays Bank Delaware ("Barclays"), a foreign bank that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Capital One's tradeline, Wells Fargo's tradeline and Barclays' tradeline (collectively, "the Errant Tradelines") are inaccurately reporting scheduled monthly payment amounts in Plaintiff's Equifax credit file.

8. The accounts reflected by the Errant Tradelines were closed by Capital One, Wells Fargo and Barclays, and Plaintiff no longer has any scheduled monthly payment obligations to Capital One, Wells Fargo or Barclays.

9. The Errant Tradelines should be reported with scheduled monthly payment amounts of $0.00. The current reporting is false and misleading.

10. In addition, per the credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the Consumer Data Industry Association, furnishers are required to report a scheduled monthly payment amount of $0.00 for a closed account.

11. On or about May 31, 2024, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradelines reporting with erroneous scheduled monthly payment amounts.

12. On or about June 3, 2024, Plaintiff sent a letter to Equifax disputing the Errant Tradelines.

13. In his dispute letter, Plaintiff explained that the Capital One, Wells Fargo and Barclays accounts were closed and that Plaintiff owes no scheduled monthly payment amounts to Capital One, Wells Fargo or Barclays. Plaintiff asked for the scheduled monthly payment amounts to be removed and replaced with $0.00.

14. Equifax received Plaintiff's dispute letter.

15. Equifax forwarded Plaintiff's dispute to Capital One, Wells Fargo and Barclays.

16. Capital One, Wells Fargo and Barclays received Plaintiff's dispute from Equifax.

17. On or about August 23, 2024, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax, Capital One, Wells Fargo and Barclays

3

failed or refused to report the Errant Tradelines with scheduled monthly payment amounts of $0.00.

18. The Errant Tradelines are false and misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff. The Errant Tradelines create a false impression to potential credit grantors that Plaintiff continues to have scheduled monthly payment obligations for debts when there are no such monthly obligations.

19. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has experienced undue anxiety, stress, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in his credit file and his inability to improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to correct the Errant Tradeline.

### COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

20. Plaintiff realleges Paragraphs One through Nineteen as if recited verbatim.

21. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

23. The Capital One Errant Tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit files with Equifax, to which it is reporting such tradeline.

24. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

25. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against Capital One for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

27. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

28. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

29. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

31. Capital One is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

32. Plaintiff realleges Paragraphs One through Nineteen as if recited verbatim.

33. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, Wells Fargo negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

34. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

35. The Wells Fargo Errant Tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit files with Equifax, to which it is reporting such tradeline.

36. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration

and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

37. Wells Fargo is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

38. Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against Wells Fargo for damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

39. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

40. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

41. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

8

42. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

43. Wells Fargo is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

44. Plaintiff realleges Paragraphs One through Nineteen as if recited verbatim.

45. After being informed by Equifax of Plaintiff's dispute of the inaccurate scheduled monthly payment amount, Barclays negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

46. Barclays negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15

U.S.C. § 1681s-2(b) and failed to direct Equifax to remove the inaccurate scheduled monthly payment amount.

47. The Barclays Errant Tradeline is inaccurate and creates a misleading impression in Plaintiff's consumer credit files with Equifax, to which it is reporting such tradeline.

48. As a direct and proximate cause of Barclays' negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

49. Barclays is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

50. Plaintiff has a private right of action to assert claims against Barclays arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against Barclays for damages, costs, interest, and attorneys' fees.

### COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

51. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

52. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct Equifax to remove the erroneous scheduled monthly payment amount.

53. Barclays willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

54. As a direct and proximate cause of Barclays' willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

55. Barclays is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

**COUNT VII - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

56. Plaintiff re-alleges the above Paragraphs One through Nineteen by reference as if recited verbatim.

57. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

58. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

59. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

60. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

61. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

62. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

63. Plaintiff realleges the above Paragraphs One through Nineteen as if recited verbatim.

64. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

65. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

66. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

67. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

68. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, anxiety, frustration and other

forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

69. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: November 2, 2024

/s/ Carl Schwartz
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorney for Plaintiff
27600 Farmington Road, Suite 108
Farmington Hills, MI 48334
Phone: (248) 353-2882
Fax: (248) 353-4840
Email: carl@crlam.com